### ROGERS vs. CROMBIE.

If the defendant, in an action of trover, would bring the property into court, in mitigation or discharge of damages, he must apply for leave by a motion to the discretion of the judge, whose decision is final.

In trover for a bond, the condition of which was, that if the · plaintiff would remove to the town of *P.* and dwell there a year, he should have certain lands ; and he had not removed thither; the jury were instructed to estimate the value of the lands, and to deduct therefrom what it would have cost the plaintiff to have performed his part of the condition, and award him the balance in damages ;—and held good.

TROVER for a bond, given by a third person to the plaintiff ; and conditioned for the conveyance of certain lands, upon the plaintiff's returning to *Phipsburg*, and residing there one year. At the trial of this cause, which was before *Preble J.* at the term in which it was first entered in this court, the defendant, in open court, tendered the bond to the plaintiff, in mitigation of damages, and contended that it ought to be received ; but the plaintiff refused it, and the judge ruled that he was not bound to accept it. It did not appear that the plaintiff had ever performed the condition precedent, mentioned in the bond ; and it was proved that the obligor had conveyed the lands, which are worth four hundred dollars, to another person, and had removed out of the State.

Upon this evidence the Judge instructed the jury that the plaintiff's damages ought not to be diminished by the tender of the bond ; but that as he had refused to receive it, the judgment on the verdict in his favor in this case, would operate as an assignment of the bond to the defendant. In the assessment of damages he directed them to ascertain the value of the lands, and from this amount to deduct what it would have cost the plaintiff to have removed from the city of *St. John*, in New Brunswick, the place of his former residence, to *Phipsburg*, and to have complied with the previous condition on his part to be performed; returning their verdict for the plaintiff for the balance thus found; which they accordingly did. The verdict was taken subject to the opinion of the court upon the law, and the rule of damages, as stated by the judge to the jury.

Rogers v. Crombie.

*Ames* and *Groton*, for the defendant, contended that the bond ought to have been received, even if offered in discharge of damages ; much more when offered only in mitigation of them ; its value not being impaired. The early decisions to the contrary were all considered by Lord *Mansfield*, and overruled, in *Fisher v. Prince* 3 *Burr.* 1362. And afterwards by Lord *Kenyon* in *Pickering v. Trustee & als.* 7 *D. & E.* 52. 2 *H. Bl.* 902. 1 *Sellon's Practice* 283. Our own decisions will at least justify a return of the property in trover, in mitigation of damages, at any time before the rendition of judgment, the property being, until that time, in the plaintiff. If it be injured, the jury will estimate its value. *Wheelock v. Wheelwright* 5 *Mass.* 104.

As to the rule of damages, they said that the detention of the bond was a subject on which the plaintiff ought not to be permitted to speculate; he could entitle himself to no greater damages than he had actually sustained. The bond was worth to him just what he could recover upon it, if the present suit was against the obligor ; in which case nothing could be recovered, because the obligee has never performed the condition precedent ; and of course his damages in this action can be but nominal. *Clowes v. Hawley* 12 *Johns.* 484. Nor could it be of any greater value to the defendant, if assigned to him by the judgment ; since he has no means of compelling the plaintiff to do the act on which the obligation of the other party depends.

*Allen* for the plaintiff.

Mellen C J. delivered the opinion of the court.

Two objections are made to the verdict.

1. It is said the opinion of the judge who presided at the trial, was incorrect, by means of which the defendant was refused the advantage of tendering the bond in question and of having the same considered by the jury in mitigation of damages. In reply to this objection, we would observe, that if such an offer and claim on the part of a defendant can be considered admissible, the motion for the purpose must certainly be considered as one addressed merely to the discretion of the judge ; and, of course,

one upon which his decision is final ; and no more subject to revision by the whole court than a motion for the continuance of an action, or a common amendment of the declaration, or pleadings. The cases cited by the counsel for the defendant, only shew what is the course of practice in the English courts on this subject. The very mode of proceeding by a rule to shew cause, proves that the allowance to a defendant in the cases specified to bring property into court in an action of trover, in discharge of damages, is a matter of discretion ; and that it cannot be demanded as a right. At common law a tender, made after the commencement. of an action is not good ; and our statute of 1822, ch. 182, relates only to a tender of money after an action is commenced ; and such a tender must be accompanied by a tender of all legal costs up to the time of making it. We therefore cannot sustain this objection.

2. In the second place it is contended that the instructions of the judge as to the rule of damages were incorrect. The bond in question was demanded of the defendant, and by him refused for reasons best known to himself ; and the plaintiff has thereby been unable to avail himself of its condition and enforce its payment. It appears also that the obligor has sold and conveyed to another person the property named in the condition ; and thereby disabled herself from conveying it to the plaintiff, and has also since removed out of the State. Thus the plaintiff's prospects have been destroyed and he himself injured. The damages given by the jury are not merely the value of the bond, over and above the estimated expense of the plaintiff's removal ; or, in other words, the sum which the defendant may, as assignee, be able to recover of the obligor ; but the damages which the plaintiff has sustained by the misconduct of the defendant in withholding the bond, and thus depriving him of all the benefits he expected, and might have received from it. The evidence in relation to all these facts, was submitted to the jury ; and they have deducted more than half the value of the land, conditioned to be conveyed. Under these circumstances, we think the defendant has no reason to complain ; and that no more than justice has been done to the plaintiff. We are all of opinion that there must be

<em>Judgment on the verdict.</em>